

# United States Department of the Interior

### BUREAU OF LAND MANAGEMENT
New Mexico State Office
301 Dinosaur Trail
Santa Fe, New Mexico 87508
www.blm.gov/new-mexico



In Reply Refer To:
3165 (9210)
SDR 2025-09

JUL 1 4 2025

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
7020 1810 0000 4307 9699

Hinkle Shanor LLP
Attn: Jared A. Hembree
400 Penn Plaza, Suite 640
P.O. Box 10
Roswell, NM 88202

SDR 2025-09

**DECISION**
)
)
)
**Dismissed**

Dear Jared A. Hembree:

On January 29, 2025, the Bureau of Land Management (BLM) New Mexico State Office (NMSO) timely received your request on behalf of The Eastland Oil Company (Eastland) for State Director Review (SDR) of the Roswell Field Office's (RFO) decision to issue the following Written Orders (WOs) on January 8, 2025:

| Enforcement Number | Enforcement Action Type | Federal Lease | Well Name and Number | Well API |
|---|---|---|---|---|
| 25RRF0006W | WO | NMNM 022636 | Cato San Andres Unit 143 | 3000520191 |

| 25RRF0007W | WO | NMNM 022636 | Cato San Andres Unit 149 | 3000520257 |
|---|---|---|---|---|
| 25RRF0008W | WO | NMNM 022636 | Cato San Andres Unit 151 | 3000520282 |
| 25RRF0009W | WO | NMNM 022636 | Cato San Andres Unit 152 | 3000520314 |

The request, which has been docketed as SDR 2025-09, did not provide documentation or other evidence, assert any grounds for review, or allege any specific error in the BLM's decision. In addition to the request for administrative review, Eastland requested:

1. A copy of the administrative record supporting the issuance of WOs to Eastland.

2. An extension of 30 days following the receipt of the administrative record (AR) from BLM to submit supporting materials and a Statement of Reasons and Brief in this matter.

3. Stay of the WOs and any corrective action pending decision of this SDR.

4. An oral hearing after Eastland submits their supporting materials and Statement of Reasons and Brief to BLM.

## BACKGROUND

The lease NMNM 0022636 (MLRS Number 105414342), comprising of 1400.00 acres, is in SW of Section 22, SW, N2SE, and SWSE of Section 23, Section 27, and W2 of Section 34, T. 8 S., R. 30 E., New Mexico Principal Meridian, Eddy County, New Mexico.
The lease was issued on September 1, 1957, and it was terminated effective March 31, 2021. Eastland acquired its interest through the Reassignment of Interest in Drilling and Operating Agreement effective September 1, 1968, and later assigned the lease to Apollo Energy Inc. of Hobbs with an effective date of September 1, 1983. The four wells were spud on the following dates: Cato San Andres Unit #143 was spud on September 3, 1968, Cato San Andres Unit #149 was spud on August 20, 1968, Cato San Andres Unit #151 was spud on February 6, 1969, and the Cato San Andres Unit #152 was spud on October 15, 1969 and produced during the time period between June 1967 through January 2015.

The four (4) vertical wells associated to the Federal lease NMNM 0022636 for which the four (4) WOs were issued were all completed and produced from the San Andres formation. The well location and the producing intervals are shown below:

| Well Name and Number | Well Location | Producing Interval |
|---|---|---|
| Cato San Andres Unit 143 | NWSE of Section 23, T.8S., R.30E. | 3,588' – 3,609' |
| Cato San Andres Unit 149 | NENE of Section 27, T.8S., R.30E. | 3,499' – 3,528' |
| Cato San Andres Unit 151 | SENE of Section 27, T.8S., R.30E. | 3,514' – 3,541' |
| Cato San Andres Unit 152 | SWNE of Section 27, T.8S., R.30E. | 3,503' – 3,531' |

Due to the lease NMNM 0022636 being terminated, and the wells being in idled status, the RFO Authorized Officer (AO) determined, through an inspection that these wells are not capable of producing in paying quantities and issued four (4) WOs to Eastland on January 8, 2025. The wells and their respective shut in status dates according to the BLM Automated Fluid Minerals Support System (AFMSS) are shown below:

| Federal Lease | Well Name and Number | Shut In Status Date |
|---|---|---|
| NMNM 0022636 | Cato San Andres Unit 143 | 8/1/2011 |
| | Cato San Andres Unit 149 | 8/1/2011 |
| | Cato San Andres Unit 151 | 1/1/2005 |
| | Cato San Andres Unit 152 | 6/1/2009 |

BLM regulations at 43 C.F.R. § 3162.3-4 (a) state, "The operator shall promptly plug and abandon, in accordance with a plan first approved in writing or prescribed by the authorized officer, each newly completed or recompleted well in which oil or gas is not encountered in paying quantities or which, after being completed as a producing well, is demonstrated to the satisfaction of the authorized officer to be no longer capable of producing oil or gas in paying quantities, unless the authorized officer shall approve the use of the well as a service well for injection to recover additional oil or gas or for subsurface disposal of produced water." In addition, 43 C.F.R. § 3162.3-4 (c) states, "No well may be temporarily abandoned for more than 30 days without the prior approval of the authorized officer." Therefore, pursuant to 43 C.F.R. § 3163 – *Noncompliance, Assessments, and Penalties*[1], the AO issued a series of enforcement actions beginning with the WOs and continuing through civil penalties to Cano Petro of New Mexico Inc. (Cano), the current operator of these four (4) wells and current record title owner (RTO) of the Federal lease NMNM 0022636.

---

[1] https://www.ecfr.gov/current/title-43/subtitle-B/chapter-II/subchapter-C/part-3160/subpart-3163

Because the current operator and current RTO have been unresponsive to BLM's enforcement orders, pursuant to 43 CFR § 3106.72[2], the AO issued four (4) WOs to Eastland as a previous ORH of the lease NMNM 0022636. In the WOs, the AO required Eastland to comply with the following corrective action(s):

1. Submit a Notice of Intent Sundry to plug and abandon the four (4) wells.
2. Reclaim the well site(s) and all associated disturbance including utility corridor(s), access road(s), and remove all associated facilities and equipment.

## DISCUSSION

Aside from identifying the challenged WOs, Eastland's SDR request does not provide any information or allege error in the BLM's decision. Therefore, the State Director's review is limited to the WOs, which were issued according to BLM regulations and policy in effect at the time of enforcement,[3] and Eastland's status as a past RTO, as evidenced in BLM's records (Attachment 2) The State Director has identified no error in this decision.

Concerning your additional requests, we herein respond as follows:

1. A copy of the administrative record (AR) supporting the issuance of WOs is denied because the WOs contain ample justification for their issuance, and Eastland has alleged no deficiency or error in the WOs. See 43 C.F.R. § 3165.3 (SDR request must include "all supporting documentation."). However, BLM's records demonstrating Eastland's past RTO status are attached to this decision (Attachment 3). Additionally, a complete AR was provided to you in response to a previous SDR (SDR 2024-02) regarding these wells.

2. The request for 30-day extension following the receipt of the AR to submit supporting materials and a Statement of Reasons and Brief is denied, because no AR will be provided to Eastland and because Eastland has not provided good cause. *See* 43 C.F.R. § 3165.3 ("Upon request and showing of good cause, an extension for submitting supporting data may be granted by the State Director.").

3. The request for Stay of the WOs and any corrective action pending decision of the SDR is denied. In general, administrative agencies look to four long-standing criteria to evaluate whether a stay is indicated: (1) the relative harm to the parties if the stay is granted or denied; (2) the likelihood of appellant's success on the merits; (3) the likelihood of immediate and irreparable harm if the stay is not granted; and (4) whether the public interest favors granting the stay. *See, for example,* 43 C.F.R. § 4.21. An appellant bears the burden of providing justification for a stay, *id.,* and Eastland has provided no justification.

---

[2] https://www.ecfr.gov/current/title-43/subtitle-B/chapter-II/subchapter-C/part-3100/subpart-3106/section-3106.72
[3] Instruction Memorandum IM 2021-039, which was operative at the time of the enforcement action and has since been rescinded, specified the order of enforcement, which BLM followed, as against: the current operator, the current record title owner (RTO) and operating rights holder, and then the previous RTOs, including Eastland.

4. The request for Oral Hearing is denied because the BLM has no indication, from Eastland's request, what information would be gained from such a hearing.

## DECISION

After careful review of the record title and operating rights ownership, Federal regulations, and policy, it is the decision of the State Director to affirm the issuance of the WOs. However, we authorize additional time of 30 days from receipt of this letter to comply with the WOs because the original abatement date to comply with the WOs was February 10, 2025, and has already passed.

This Decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 C.F.R., Part 4 and summarized in Form 1842-1 (Attachment 1).

Sincerely,

MICHAEL GIBSON
Digitally signed by MICHAEL GIBSON
Date: 2025.07.14 07:49:04 -06'00'

Michael Gibson
Deputy State Director
Division of Minerals

3 Attachments:
  1 - Form 1842-1
  2 - Run sheet
  3 - RTO Status

cc:
Shane Lauritzen (Office of the Solicitor)
NM9500, M. Bailey
NMP010, Ruben J. Sanchez (RFO)
NMP010, Rick Flores (RFO)
SDR 2025-09 File

**RUN SHEET /NMNM0022636**

T. 8 S / R. 33 E. / N.M.P.M.;
Sec. 22: HW;
Sec. 23: HW;
Sec. 33: NW/NW/NENE/SWNE;
Sec. 27: E/2;
Sec. 34: W/2;

| Instrument | Title Date | Effective Date | Grantor | Grantee (Street Address Line 4) | Grantee (Street Address Line 5) | Grantee City | Grantee ST/P | Grantee ZIP | Lands | Depths | % Owned | % Conveyed | % Retained | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lease Issued | - | 8/1/1957 | United States | Emmett D. White | | | | | All | N/A | 100% | 100% | 0% | |
| Record Title Assignment | 6/23/1959 | 7/1/1959 | Emmett D. White | L.B. Hodges | | | | | All | N/A | 100% | 100% | 0% | |
| Record Title Assignment | 10/4/1963 | 11/1/1963 | L.B. Hodges | Shell Oil Company | PO Box 576 | Attn: Lease Administration | Houston | TX | 77001 | All | N/A | 100% | 100% | 0% | |
| | | | | | | Coto San Andres Unit No. 241 spudded 6/13/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 244 spudded 5/6/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 142 spudded 6/14/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 270 spudded 8/25/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 139 spudded 5/12/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 265 spudded 9/16/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 146 spudded 11/26/1967 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 244 spudded 2/8/1968 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 179 spudded 2/15/1968 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 149 spudded 8/22/1968 | | | | | | | | | |
| Operating Rights Transfer | 8/30/1968 | 9/1/1968 | Shell Oil Company | The Eastland Drilling Company | PO Box 3488 | | Midland | TX | 79702 | Sec. 23: N1SE; Sec. 27: N2NE; Sec. 27: S2NE | Surface to 3,740' Surface to 3,655' Surface to 3,640' | 100% | 100% | 0% | |
| | | | | | | Coto San Andres Unit No. 138 spudded 10/26/1968 | | | | | | | | | |
| Operating Rights Transfer | 12/5/1968 | 1/1/1969 | The Eastland Drilling Company | Alpe Oil Co (1/8), G.H. Doelling Jr. (1/8), Jack L. Russell (1/8), George A Donelly (1/8), George A. Donelly Jr. (1/8) Richard Donelly (1/8) | | | | | Sec. 27: N2NE; Sec. 23: N1SE | Surface to 3,655' Surface to 3,740' | 100% | 75% | 25% | |
| | | | | | | Coto San Andres Unit No. 152 spudded 12/5/1969 | | | | | | | | | |
| Operating Rights Transfer | 5/7/1969 | 6/1/1969 | The Eastland Drilling Company | Alpe Oil Co (1/8) | PO Box 4023 | Odessa | TX | 79760 | Sec. 27: S2NE | Surface to 3,664' | 100% | 75% | 25% | |
| | | | | G.H. Doelling Jr. (1/8) | PO Box 3506 | Odessa | TX | 79760 | | | | | | | |
| | | | | Jack L. Russell (1/8) | PO Box 1604 | Midland | TX | 79701 | | | | | | | |
| | | | | George A Donelly (1/8) | 802 Continental Life Bldg. | Fort Worth | TX | 76102 | | | | | | | |
| | | | | George A. Donelly Jr. (1/8) | 710 Petroleum Life Bldg. | Midland | TX | 79701 | | | | | | | |
| | | | | Richard Donelly (1/8) | 704 Western United Life Bldg. | Midland | TX | 79701 | | | | | | | |
| | | | | | | Coto San Andres Unit No. 152 spudded 10/15/1969 | | | | | | | | | |
| Operating Rights Transfer | 10/6/1969 | 11/1/1969 | The Eastland Drilling Company | Shell Oil Company | PO Box 576 | Attn: Lease Administration | Houston | TX | 77001 | Sec. 27: S2NE | Surface to a depth sufficient to treat the San Andres Slaughter pay zone | 100% | 100% | 0% | |
| Name Change | - | 12/16/1969 | The Eastland Drilling Company | The Eastland Oil Company | PO Box 3488 | | Midland | TX | 79702 | N/A | N/A | N/A | N/A | N/A | |
| Operating Rights Transfer | 6/19/1972 | 7/1/1972 | Richard Donnelly | Mary Louise Cocke Donnelly | 2901 E. 17th St. | | Odessa | TX | 79760 | Sec. 27: N2NE; Sec. 23: N1SE; Sec. 27: S2NE | Surface to 3,655' Surface to 3,740' Surface to 3,664' | 12.50% | 6.25% | 6.25% | |
| Operating Rights Transfer | 8/10/1983 | 9/1/1983 | The Eastland Oil Company, Alpe Oil Co., G.H. Doelling Jr., Jack L. Russell, George A Donelly, George A. Donelly Jr., Richard Donelly, Mary Louise Cocke Holbrook | Apollo Energy Inc. | 6363 Woodway Dr. | Ste. 1100 | Houston | TX | 77057 | Sec. 27: N2NE; Sec. 23: N1SE; Sec. 27: S2NE | Surface to 3,655' Surface to 3,740' Surface to 3,664' | 100% | 100% | 0% | |
| Record Title Assignment | 3/18/1983 | 2/1/1983 | Shell Oil Company | Apollo Energy Inc. | 6363 Woodway Dr. | Ste. 1100 | Houston | TX | 77057 | All | N/A | 100% | 100% | 0% | |
| Operating Rights Transfer | 6/20/1988 | N/A | Evergreen Resources Inc. | Raft New Mexico Inc. | | | | | Sec. 27: N2NE; Sec. 23: N2SE; Sec. 27: S2NE | Shallow Zone | 2.454716% | 100% | 0% | Evergreen did not hold OR interest to convey. Transfer is invalid and not recorded. Curative transfer(s) would be needed to correct title. |
| Merger | 4/14/1989 | 4/14/1989 | Apollo Energy Inc. | Raft New Mexico Inc. | 4678 Carson St. | Ste. B-300 | Torrance | CA | 90503 | All | All other depths | 17.655416% | 100% | 0% | |
| Record Title Assignment | 11/24/1995 | 11/1/1995 | Raft New Mexico Inc. | Secondary Oil Corporation | | | | | A1 | N/A | 1 | 1 | 0 | |
| Record Title Assignment | 11/24/1995 | 11/1/1995 | Raft New Mexico Inc. | Secondary Oil Corporation | | | | | A2 | N/A | 1 | 1 | 0 | |
| Name Change | 3/1/1998 | 3/1/1998 | Secondary Oil Corporation | Sierra Blanca Operating Company | PO Box 708 | | Marble Falls | TX | 78654 | N/A | N/A | N/A | N/A | N/A | |
| Operating Rights Transfer | 2/10/2000 | 3/1/2000 | Sierra Blanca Operating Company | UNC New Mexico Corporation | PO Box 1956 | | Cleburne | TX | 76033 | A3 | A3 | 1 | 1 | 0 | |
| Record Title Assignment | 2/10/2000 | 3/1/2000 | Sierra Blanca Operating Company | UNC New Mexico Corporation | PO Box 1956 | | Cleburne | TX | 76033 | A3 | N/A | 1 | 1 | 0 | |
| | | | | | | Coto San Andres Unit No. 407 spudded 10/25/2007 | | | | | | | | | |
| | | | | | | Coto San Andres Unit No. 408 spudded 11/6/2007 | | | | | | | | | |
| Record Title Assignment | 7/9/2009 | 8/1/2009 | UNC New Mexico Corporation | Cano Petro of New Mexico Inc. | PO Box 4470 | | Tulsa | OK | 74159-0470 | A3 | N/A | 1 | 1 | 0 | |

**HISTORICAL OPERATING RIGHTS WORKSHEET**
**LEGACY SERIAL NO. NMNM0022636**
**MLRS SERIAL NO.  NMNM**

Lease Issuance (9/1/1957)

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
**Containing 1,400.00 acres**

Emmett D. White                                    100.00%
TOTAL:                                             100.00%


**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
**Containing 1,400.00 acres**

*All depths*
Lessee(s)                                          100.00%        UNSEVERED
TOTAL:                                             100.00%


Title as of 7/1/1959

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
**Containing 1,400.00 acres**

L.B. Hodges                                        100.00%
TOTAL:                                             100.00%


**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.

**Containing 1,400.00 acres**

*All depths*
Lessee(s)                                          100.00%      UNSEVERED
TOTAL:                                             100.00%

Title as of 11/1/1963

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

Shell Oil Company                                  100.00%
TOTAL:                                             100.00%

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

*All depths*
Lessee(s)                                          100.00%      UNSEVERED
TOTAL:                                             100.00%

Title as of 9/1/1968

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

Shell Oil Company                                  100.00%
TOTAL:                                             100.00%

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**

**Sec. 22: SW;**
**Sec. 23: SW, SWSE;**
**Sec. 27: W2, SE;**
**Sec. 34: W2.**
**Containing 1,160.00 acres**

*All depths*
Lessee(s)                                    100.00%        UNSEVERED
TOTAL:                                       100.00%


**T. 8 S., R. 30 E., NMPM**
  **Sec. 23: N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*
The Eastland Drilling Company                100.00%
TOTAL:                                       100.00%

*All depths below 3,740'*
Lessee(s)                                    100.00%        UNSEVERED
TOTAL:                                       100.00%


**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*
The Eastland Drilling Company                100.00%
TOTAL:                                       100.00%

*All depths below 3,655'*
Lessee(s)                                    100.00%        UNSEVERED
TOTAL:                                       100.00%


**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*
The Eastland Drilling Company                100.00%
TOTAL:                                       100.00%

*All depths below 3,666'*
Lessee(s)                                    100.00%        UNSEVERED
TOTAL:                                       100.00%

Title as of 1/1/1969

## RECORD TITLE

**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

| | | |
|---|---|---|
| Shell Oil Company | 100.00% | |
| TOTAL: | 100.00% | |

## OPERATING RIGHTS HELD

**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, SWSE;**
  **Sec. 27: W2, SE;**
  **Sec. 34: W2.**
**Containing 1,160.00 acres**

*All depths*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 23: N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*

| | | |
|---|---|---|
| The Eastland Drilling Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donely | 12.50% | |
| George A. Donely Jr. | 12.50% | |
| Richard Donely | 12.50% | |
| TOTAL: | 100.00% | |

*All depths below 3,740'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*
The Eastland Drilling Company          25.00%
Alps Oil Company                       12.50%
G.H. Doelling Jr.                      12.50%
Jack L. Russell                        12.50%
George A Donelly                       12.50%
George A. Donelly Jr.                  12.50%
Richard Donelly                        12.50%
TOTAL:                                 100.00%

*All depths below 3,655'*
Lessee(s)                              100.00%        UNSEVERED
TOTAL:                                 100.00%


**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*
The Eastland Drilling Company          100.00%
TOTAL:                                 100.00%

*All depths below 3,666'*
Lessee(s)                              100.00%        UNSEVERED
TOTAL:                                 100.00%


Title as of 6/1/1969
**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

Shell Oil Company                      100.00%
TOTAL:                                 100.00%


**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**

Sec. 23:  SW, SWSE;
Sec. 27:  W2, SE;
Sec. 34:  W2.
**Containing 1,160.00 acres**

*All depths*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
Sec. 23:  N2SE.
**Containing 80.00 acres**

*Surface to 3,740'*

| | | |
|---|---|---|
| The Eastland Drilling Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 12.50% | |
| TOTAL: | 100.00% | |

*All depths below 3,740'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
Sec. 27:  N2NE.
**Containing 80.00 acres**

*Surface to 3,655'*

| | | |
|---|---|---|
| The Eastland Drilling Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 12.50% | |
| TOTAL: | 100.00% | |

*All depths below 3,655'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27:  S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*

| | | |
|---|---|---|
| The Eastland Drilling Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 12.50% | |
| TOTAL: | 100.00% | |

*All depths below 3,666'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

Title as of 11/1/1969

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

| | | |
|---|---|---|
| Shell Oil Company | 100.00% | |
| TOTAL: | 100.00% | |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, SWSE;**
  **Sec. 27:  W2, SE;**
  **Sec. 34:  W2.**
**Containing 1,160.00 acres**

*All depths*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 23:  N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*

| | |
|---|---|
| The Eastland Drilling Company | 25.00% |
| Alps Oil Company | 12.50% |
| G.H. Doelling Jr. | 12.50% |
| Jack L. Russell | 12.50% |
| George A Donelly | 12.50% |
| George A. Donelly Jr. | 12.50% |
| Richard Donelly | 12.50% |
| TOTAL: | 100.00% |

*All depths below 3,740'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*

| | |
|---|---|
| The Eastland Drilling Company | 25.00% |
| Alps Oil Company | 12.50% |
| G.H. Doelling Jr. | 12.50% |
| Jack L. Russell | 12.50% |
| George A Donelly | 12.50% |
| George A. Donelly Jr. | 12.50% |
| Richard Donelly | 12.50% |
| TOTAL: | 100.00% |

*All depths below 3,655'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*

| | |
|---|---|
| The Eastland Drilling Company | 25.00% |
| Alps Oil Company | 12.50% |
| G.H. Doelling Jr. | 12.50% |
| Jack L. Russell | 12.50% |
| George A Donelly | 12.50% |
| George A. Donelly Jr. | 12.50% |
| Richard Donelly | 12.50% |
| TOTAL: | 100.00% |

| | | |
|---|---|---|
| *All depths below 3,666'* | | |
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

Title as of 12/16/1969

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

| | | |
|---|---|---|
| Shell Oil Company | 100.00% | |
| TOTAL: | 100.00% | |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, SWSE;**
  **Sec. 27: W2, SE;**
  **Sec. 34: W2.**
**Containing 1,160.00 acres**

| | | |
|---|---|---|
| *All depths* | | |
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 23: N2SE.**
**Containing 80.00 acres**

| | | |
|---|---|---|
| *Surface to 3,740'* | | |
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donely | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 12.50% | |
| TOTAL: | 100.00% | |

| | | |
|---|---|---|
| *All depths below 3,740'* | | |
| Lessee(s) | 100.00% | UNSEVERED |

| | | |
|---|---|---|
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*

| | | |
|---|---|---|
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 12.50% | |
| TOTAL: | 100.00% | |

*All depths below 3,655'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*

| | | |
|---|---|---|
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 12.50% | |
| TOTAL: | 100.00% | |

*All depths below 3,666'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

Title as of 7/1/1972
**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**

Sec. 34: W2.
**Containing 1,400.00 acres**

| | | |
|---|---|---|
| Shell Oil Company | 100.00% | |
| TOTAL: | 100.00% | |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, SWSE;**
  **Sec. 27: W2, SE;**
  **Sec. 34: W2.**
**Containing 1,160.00 acres**

*All depths*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 23: N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*

| | | |
|---|---|---|
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 6.25% | |
| Mary Louise Cocke Donnelly | 6.25% | |
| TOTAL: | 100.00% | |

*All depths below 3,740'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*

| | | |
|---|---|---|
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |

| | | |
|---|---|---|
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 6.25% | |
| Mary Louise Cocke Donnelly | 6.25% | |
| TOTAL: | 100.00% | |

*All depths below 3,655'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27:  S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*

| | | |
|---|---|---|
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 6.25% | |
| Mary Louise Cocke Donnelly | 6.25% | |
| TOTAL: | 100.00% | |

*All depths below 3,666'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

Title as of 10/1/1974

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

| | | |
|---|---|---|
| Shell Oil Company | 100.00% | |
| TOTAL: | 100.00% | |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**

**Sec. 23: SW, SWSE;**
**Sec. 27: W2, SE;**
**Sec. 34: W2.**
**Containing 1,160.00 acres**

*All depths*
Lessee(s)                                               100.00%        UNSEVERED
TOTAL:                                                  100.00%


**T. 8 S., R. 30 E., NMPM**
**Sec. 23: N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*
The Eastland Oil Company                                25.00%
Alps Oil Company                                        12.50%
G.H. Doelling Jr.                                       12.50%
Jack L. Russell                                         12.50%
George A Donelly                                        12.50%
George A. Donelly Jr.                                   12.50%
Richard Donelly                                         6.25%
Mary Louise Cocke Donnelly                              6.25%
TOTAL:                                                  100.00%

*All depths below 3,740'*
Lessee(s)                                               100.00%        UNSEVERED
TOTAL:                                                  100.00%


**T. 8 S., R. 30 E., NMPM**
**Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*
The Eastland Oil Company                                25.00%
Alps Oil Company                                        12.50%
G.H. Doelling Jr.                                       12.50%
Jack L. Russell                                         12.50%
George A Donelly                                        12.50%
George A. Donelly Jr.                                   12.50%
Richard Donelly                                         6.25%
Mary Louise Cocke Donnelly                              6.25%
TOTAL:                                                  100.00%

*All depths below 3,655'*
Lessee(s)                                               100.00%        UNSEVERED
TOTAL:                                                  100.00%

T. 8 S., R. 30 E., NMPM
  Sec. 27: S2NE.
Containing 80.00 acres

*Surface to 3,666'*

| | | |
|---|---|---|
| The Eastland Oil Company | 25.00% | |
| Alps Oil Company | 12.50% | |
| G.H. Doelling Jr. | 12.50% | |
| Jack L. Russell | 12.50% | |
| George A Donelly | 12.50% | |
| George A. Donelly Jr. | 12.50% | |
| Richard Donelly | 6.25% | |
| Mary Louise Cocke Donnelly | 6.25% | |
| TOTAL: | 100.00% | |

*All depths below 3,666'*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

Title as of 9/1/1983

**RECORD TITLE**
T. 8 S., R. 30 E., NMPM
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
Containing 1,400.00 acres

| | | |
|---|---|---|
| Shell Oil Company | 100.00% | |
| TOTAL: | 100.00% | |

**OPERATING RIGHTS HELD**
T. 8 S., R. 30 E., NMPM
  Sec. 22: SW;
  Sec. 23: SW, SWSE;
  Sec. 27: W2, SE;
  Sec. 34: W2.
Containing 1,160.00 acres

*All depths*

| | | |
|---|---|---|
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 23: N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*
Apollo Energy Inc.                                    100.00%
TOTAL:                                                100.00%

*All depths below 3,740'*
Lessee(s)                                             100.00%        UNSEVERED
TOTAL:                                                100.00%


**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*
Apollo Energy Inc.                                    100.00%
TOTAL:                                                100.00%

*All depths below 3,655'*
Lessee(s)                                             100.00%        UNSEVERED
TOTAL:                                                100.00%


**T. 8 S., R. 30 E., NMPM**
  **Sec. 27: S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*
Apollo Energy Inc.                                    100.00%
TOTAL:                                                100.00%

*All depths below 3,666'*
Lessee(s)                                             100.00%        UNSEVERED
TOTAL:                                                100.00%


Title as of 4/14/1989
**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22: SW;**
  **Sec. 23: SW, N2SE, SWSE;**
  **Sec. 27: All;**
  **Sec. 34: W2.**
**Containing 1,400.00 acres**

| Kelt New Mexico Inc. | 100.00% | |
| TOTAL: | 100.00% | |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, SWSE;**
  **Sec. 27:  W2, SE;**
  **Sec. 34:  W2.**
**Containing 1,160.00 acres**

*All depths*

| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 23:  N2SE.**
**Containing 80.00 acres**

*Surface to 3,740'*

| Kelt New Mexico Inc. | 100.00% | |
| TOTAL: | 100.00% | |

*All depths below 3,740'*

| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27:  N2NE.**
**Containing 80.00 acres**

*Surface to 3,655'*

| Kelt New Mexico Inc. | 100.00% | |
| TOTAL: | 100.00% | |

*All depths below 3,655'*

| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

**T. 8 S., R. 30 E., NMPM**
  **Sec. 27:  S2NE.**
**Containing 80.00 acres**

*Surface to 3,666'*

| Kelt New Mexico Inc. | 100.00% | |
| TOTAL: | 100.00% | |
| | | |
| *All depths below 3,666'* | | |
| Lessee(s) | 100.00% | UNSEVERED |
| TOTAL: | 100.00% | |

Title as of 12/1/1995

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
**Containing 1,400.00 acres**

| Secondary Oil Corporation | 100.00% |
| TOTAL: | 100.00% |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
**Containing 1,400.00 acres**

*All depths*
| Secondary Oil Corporation | 100.00% |
| TOTAL: | 100.00% |

Title as of 3/3/1998

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  Sec. 22: SW;
  Sec. 23: SW, N2SE, SWSE;
  Sec. 27: All;
  Sec. 34: W2.
**Containing 1,400.00 acres**

| Sierra Blanca Operating Company | 100.00% |
| TOTAL: | 100.00% |

**OPERATING RIGHTS HELD**

**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

*All depths*

| | |
|---|---|
| Sierra Blanca Operating Company | 100.00% |
| TOTAL: | 100.00% |

Title as of 3/1/2000

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

| | |
|---|---|
| UHC New Mexico Corporation | 100.00% |
| TOTAL: | 100.00% |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

*All depths*

| | |
|---|---|
| UHC New Mexico Corporation | 100.00% |
| TOTAL: | 100.00% |

Title as of 8/1/2009

**RECORD TITLE**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

| | |
|---|---|
| Cano Petro of New Mexico Inc. | 100.00% |
| TOTAL: | 100.00% |

**OPERATING RIGHTS HELD**
**T. 8 S., R. 30 E., NMPM**
  **Sec. 22:  SW;**
  **Sec. 23:  SW, N2SE, SWSE;**
  **Sec. 27:  All;**
  **Sec. 34:  W2.**
**Containing 1,400.00 acres**

*All depths*

20

| | |
|---|---|
| UHC New Mexico Corporation | 100.00% |
| TOTAL: | 100.00% |

LAND LAW EXAMINER: */s/Lauren Leib*          DATE:   8/9/2022

Form 1842-1
(September 2020)

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

## INFORMATION ON TAKING APPEALS TO THE INTERIOR BOARD OF LAND APPEALS

**DO NOT APPEAL UNLESS**
1. This decision is adverse to you,
**AND**
2. You believe it is incorrect

**IF YOU APPEAL, THE FOLLOWING PROCEDURES MUST BE FOLLOWED**

| | |
|---|---|
| **1. NOTICE OF APPEAL.............** | A person who wishes to appeal to the Interior Board of Land Appeals must file in the office of the officer who made the decision (not the Interior Board of Land Appeals) a notice that he wishes to appeal. A person served with the decision being appealed must transmit the *Notice of Appeal* in time for it to be filed in the office where it is required to be filed within 30 days after the date of service. If a decision is published in the FEDERAL REGISTER, a person not served with the decision must transmit a *Notice of Appeal* in time for it to be filed within 30 days after the date of publication (43 CFR 4.411 and 4.413). |
| **2. WHERE TO FILE**<br><br>NOTICE OF APPEAL......... | Bureau of Land Management<br>New Mexico State Office<br>301 Dinosaur Trail, Santa Fe, NM 87508 |
| WITH COPY TO<br>SOLICITOR...................... | Regional Solicitor, Southwest Region<br>US Department of Interior<br>505 Marquette Ave, NW, Suite 1800, Albuquerque, NM 87102 |
| **3. STATEMENT OF REASONS** | Within 30 days after filing the *Notice of Appeal*, file a complete statement of the reasons why you are appealing. This must be filed with the United States Department of the Interior, Office of Hearings and Appeals, Interior Board of Land Appeals, 801 N. Quincy Street, MS 300-QC, Arlington, Virginia 22203. If you fully stated your reasons for appealing when filing the *Notice of Appeal*, no additional statement is necessary (43 CFR 4.412 and 4.413). |
| WITH COPY TO<br>SOLICITOR...................... | Regional Solicitor, Southwest Region<br>US Department of Interior<br>505 Marquette Ave, NW, Suite 1800, Albuquerque, NM 87102 |
| **4. SERVICE OF DOCUMENTS** | A party that files any document under 43 CFR Subpart 4, must serve a copy of it concurrently on the appropriate official of the Office of the Solicitor under 43 CFR 4.413(c) and 4.413(d). For a notice of appeal and statement of reasons, a copy must be served on each person named in the decision under appeal and for all other documents, a copy must be served on each party to the appeal (including intervenors). Service on a person or party known to be represented by counsel or other designated representative must be made on the representative. Service must be made at the last address of record of the person or party (if unrepresented) or the representative, unless the person, party or representative has notified the serving party of a subsequent change of address. |
| **5. METHOD OF SERVICE....** | If the document being served is a notice of appeal, service may be made by (a) Personal delivery; (b) Registered or certified mail, return receipt requested; (c) Delivery service, delivery receipt requested, if the last address of record is not a post office box; or (d) Electronic means such as electronic mail or facsimile, if the person to be served has previously consented to that means in writing. All other documents may be served by (a) Personal delivery; (b) Mail; (c) Delivery service, if the last address of record is not a post office box; or (d) Electronic means, such as electronic mail or facsimile, if the person to be served has previously consented to that means in writing. |
| **6. REQUEST FOR STAY................** | Except where program-specific regulations place this decision in full force and effect or provide for an automatic stay, the decision becomes effective upon the expiration of the time allowed for filing an appeal unless<br>a petition for a stay is timely filed together with a Notice of Appeal (43 CFR 4.21). If you wish to file a petition for a stay of the effectiveness of this decision during the time that your appeal is being reviewed by the Interior Board of Land Appeals, the petition for a stay must accompany your Notice of Appeal (43 CFR 4.21 or 43 CFR 2801.10 or 43 CFR 2881.10). A petition for a stay is required to show sufficient justification based on the standards listed below. Copies of the Notice of Appeal and Petition for a Stay must also be submitted to each party named in this decision and to the Interior Board of Land Appeals and to the appropriate Office of the Solicitor (43 CFR 4.413) at the same time the original documents are filed with this office. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.<br>Standards for Obtaining a Stay. Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall show sufficient justification based on the following standards: (1) the relative harm to the parties if the stay is granted or denied, (2) the likelihood of the appellant's success on the merits, (3) the likelihood of immediate and irreparable harm if the stay is not granted, and (4) whether the public interest favors granting the stay. |

Unless these procedures are followed, your appeal will be subject to dismissal (43 CFR 4.402). Be certain that **all** communications are identified by serial number of the case being appealed.

**NOTE:** A document is not filed until it is actually received in the proper office (43 CFR 4.401(a)). See 43 CFR Part 4, Subpart B for general rules relating to procedures and practice involving appeals.

(Continued on page 2)

**43 CFR SUBPART 1821-GENERAL INFORMATION**

Sec. 1821.10  Where are BLM offices located? (a) In addition to the Headquarters Office in Grand Junction, CO and seven national level support and service centers, BLM operates 12 State Offices each having several subsidiary offices called Field Offices. The addresses of the State Offices can be found in the most recent edition of 43 CFR 1821.10. The State Office geographical areas of jurisdiction are as follows:

STATE OFFICES AND AREAS OF JURISDICTION:

Alaska State Office ---------- Alaska
Arizona State Office ------------ Arizona
California State Office --------- California
Colorado State Office --------- Colorado
Eastern States Office ----------- Arkansas, Iowa, Louisiana, Minnesota, Missouri
                                   and, all States east of the Mississippi River
Idaho State Office -------------- Idaho
Montana State Office --------- Montana, North Dakota, and South Dakota
Nevada State Office------------- Nevada
New Mexico State Office ------ New Mexico, Kansas, Oklahoma, and Texas
Oregon State Office ------------ Oregon and Washington
Utah State Office ---------------- Utah
Wyoming State Office --------- Wyoming and Nebraska

(b) A list of the names, addresses, and geographical areas of jurisdiction of all Field Offices of the Bureau of Land Management can be obtained at the above addresses or any office of the Bureau of Land Management, including the Headquarters Office, Bureau of Land Management, 760 Horizon Drive, Grand Junction, CO 81506.

(Form 1842-1, September 2020)

Form 3160-18
(November 2019)

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

**NOTICE OF WRITTEN ORDER**

Number 25RRF0009W
Page 1 of 3

| ☑ Certified Mail-Return Receipt Requested | | **Identification** | |
|---|---|---|---|
| 95890710527021764562 68 | | | |
| ☐ Hand Delivered, Received By and Date | Lease | | |
| | Agreement | NMNM082050X | |

| Bureau of Land Management Office | Operator or Third Party |
|---|---|
| Roswell Field Office | The Eastland Oil Company |

| Address 2909 W. Second Street | Address P.O. Box 3488 |
|---|---|
| Roswell, NM 88201 | Midland, TX 79702 |

| Telephone | Inspector | Attention |
|---|---|---|
| 5756270339 | RICK FLORES | Y. Rubio |

| Site Name | Well/Facility/FMP/Identification# | Legal Land Description (Include Lat./Long.) |
|---|---|---|
| CATO SAN ANDRES UNIT | 152 | SWNE, 27-8S-30E (33.5925552/-103.8655132) |
| Site Name | Well/Facility/FMP/Identification# | Legal Land Description (Include Lat./Long.) |
| | | |
| Site Name | Well/Facility/FMP/Identification# | Legal Land Description (Include Lat./Long.) |
| | | |

**THE FOLLOWING ISSUE(S) WERE FOUND BY BUREAU OF LAND MANAGEMENT INSPECTORS ON THE DATE AND AT THE SITE(S) LISTED.**

| Date | Time (24-hour Clock) | Corrective Action to be Completed By | Date Corrected | Authority Reference |
|---|---|---|---|---|
| 01/08/2025 | 11:58 | 02/10/2025 | | 43 CFR 3106.7-2 |

Remarks:

Our records show The Eastland Oil Company a previous record title and/or operating rights owner of Federal oil and gas Lease NMNM022636 and held interests in the Cato San Andres Unit #152 well (US Well No. 30-005-20314), located in T. 8S, R. 30E, Sec. 23, in Chaves County, NM.

BLM records indicate Federal Lease NMNM022636 terminated on January 11th, 2023. An inspection was performed at the lease on October 3rd, 2024, by Ricky Flores, Natural Resource Specialist and it was determined that well has not been plugged and abandoned.

Problem: The lease referenced above was terminated due to lease not having any wells capable of producing oil or gas in paying quantities. The operator has not timely and properly plugged and abandoned the well(s) in the lease.

We are notifying you that the approved oil and gas operator Cano Petroleum of NM and current liable parties on this lease, did not comply with the orders of the authorized officer to plug and abandon the well and reclaim the surface of lands disturbed in connection with the conduct of operations. As a ~~result of their failure, we are pursuing all remedies for the alleged conditions noted on a most recent notice~~

When the Written Order is complied with, sign this notice and return to above address.

Company Representative Signature: _____ Print Name: _____ Date:_____

Company Comments:

In accordance with 43 CFR 3163.1(a), you must comply with the corrective actions for the identified issue(s) by the abatement date provided above. If you fail to comply within the time frames specified, you will be issued an Incident of Noncompliance (INC) in accordance with 43 CFR 3163.1(a), which may include an assessment or additional enforcement actions as deemed necessary to gain compliance.

### WARNING

The Authorized Officer has authority to issue a Written Order in accordance with 43 CFR 3161.2. Per 43 CFR 3165.3, Written Order and reporting time frames begin upon receipt of the Notice, or seven business days after the date it is mailed, whichever is earlier. Each issue must be corrected by the "Action to be Completed By" date identified above. This form must be signed, dated, and postmarked no later than the next business day after the prescribed timeframe for correction and returned to the Bureau of Land Management office at the address shown above.

Section 109(d)(1) of the Federal Oil and Gas Royalty Management Act of 1982, as implemented by the applicable provisions of the operating regulations at 43 CFR 3163.2(f)(1), provides that any person who "knowingly or willfully" prepares, maintains, or submits false, inaccurate, or misleading reports, notices, affidavits, records, data, or other written information required by this part shall be liable for a civil penalty per violation for each day such violation continues.

### REVIEW AND APPEAL RIGHTS

A person contesting an Order of the Authorized Officer or violation must request a State Director Review of the Written Order or Incident of Noncompliance. This request must be filed within 20 business days of receipt of the Written Order with the appropriate State Director (see 43 CFR 3165.3). The State Director review decision may be appealed to the Interior Board of Land Appeals, 801 North Quincy Street, MS 300-QC, Arlington, Virginia 22203 (see 43 CFR 3165.4). Contact the above listed Bureau of Land Management office for further information.

| Signature of Bureau of Land Management Authorized Officer | Date | Time (24-hour Clock) |
|---|---|---|
| *[signature]* | 01/08/25 | 13:03 |

(Form 3160-18, Page 2)

Remarks:

Our records show The Eastland Oil Company a previous record title and/or operating rights owner of Federal oil and gas Lease NMNM022636 and held interests in the Cato San Andres Unit #152 well (US Well No. 30-005-20314), located in T. 8S, R. 30E, Sec. 23, in Chaves County, NM.

BLM records indicate Federal Lease NMNM022636 terminated on January 11th, 2023. An inspection was performed at the lease on October 3rd, 2024, by Ricky Flores, Natural Resource Specialist and it was determined that well has not been plugged and abandoned.

Problem: The lease referenced above was terminated due to lease not having any wells capable of producing oil or gas in paying quantities. The operator has not timely and properly plugged and abandoned the well(s) in the lease.

We are notifying you that the approved oil and gas operator Cano Petroleum of NM and current liable parties on this lease, did not comply with the orders of the authorized officer to plug and abandon the well and reclaim the surface of lands disturbed in connection with the conduct of operations. As a result of their failure to respond to the orders of the authorized officer, additional enforcement actions, assessments and civil penalties were issued.

Pursuant to 43 C.F.R. 3106.7-2 paragraphs (a) and (b), You are responsible for performing all obligations under the lease until the date BLM approves an assignment of your record title interest or transfer of your operating rights. After BLM approves the assignment or transfer, you will continue to be responsible for lease obligations that accrued before the approval date, whether or not they were identified at the time of the assignment or transfer. This includes paying compensatory royalties for drainage. It also includes responsibility for plugging wells and abandoning facilities you drilled, installed, or used before the effective date of the assignment or transfer.

Corrective Action: Regulations at 43 C.F.R. 3161.2 state that the authorized officer may issue written or oral orders to govern specific lease operations. For the Cato San Andres Unit #152 well US Well No. 30-005-20314, you are hereby ordered to submit a Sundry Notice, Notice of Intent (Form 3160-5), and plan to plug and abandon the well and reclaim the site(s) and all associated disturbance including utility corridor(s), access road(s), and removal of associated facilities and equipment.

The information must be submitted by the Corrective Action to be Completed By date referenced above. If you have any questions, please contact Ricky Flores at 575-627-0339 or rflores@blm.gov.